## THE CARACAS.

### (District Court, E. D. New York. August 4, 1908.)

SHIPPING—CARRIER OF PASSENGERS—LIABILITY FOR INJURY TO PASSENGER.

Libelant, a passenger on a steamship, was sitting on the deck at a time when the sea was rough, and to escape an unusually large wave, which washed over the deck, stepped upon a bench and rested his hand upon a glass ventilator or skylight, which broke and his hand was cut by the glass. There was a frame, with cross-rods, over the sash, designed to protect the glass; but the preponderance of the evidence showed that it was displaced by libelant and fell to the deck before his injury. *Held*, that the condition of the skylight was not such as to charge the vessel with negligence which would render it liable for the injury, which was entirely attributable to accident.

In Admiralty.

William C. Reddy, for libelant.

Convers & Kirlin (John M. Woolsey, of counsel), for claimant.

CHATFIELD, District Judge. The libelant was injured in his left hand, upon the 16th day of September, 1906, while off Cape Hatteras, upon the steamer Caracas, on a trip from New York to Venezuela. The weather at the time was not stormy, but the sea was comparatively rough, and not many passengers were upon deck. The libelant was seated in a chair near a ventilating hatchway, which was covered by an A-shaped glass roof or skylight, when a somewhat larger wave than usual washed over the decks, and the libelant, attempting to get out of the way of the wave, stepped upon a shelf or bench, running alongside of this ventilator or skylight, and rested his weight upon his left hand upon the glass of the skylight. This glass, which was ordinarily thick window glass, with woven wire imbedded therein, broke, and cut quite severely the libelant's left hand. There is some evidence to indicate that the libelant's treatment of his hand did not induce healing; but, in general, the condition of the hand is due to the accident and the hand seems to have some permanent injury, as well as disfigurement. It may be remarked that the libelant is right-handed, and therefore has not lost any facility in the use of the hand with which he writes.

The steward of the vessel testifies that a short time before the accident he closed the various frames of the skylight at which the accident occurred. These frames were suspended by hinges from the ridge, and they were worked up and down by a ratchet or cog lever, and, when closed, the sides of the skylight occupied a position at an angle of about 45 degrees. Over the four panes of glass in each sash of this skylight rested a square frame, with a middle bar equipped with 11 cross-rods about the size of a lead pencil, but far enough apart to permit the insertion of a person's hand. The libelant testi-

fied that this protecting frame was missing from the sash of the skylight nearest to where he was sitting. The steward testified that the frame was there when he closed the sash, and that the buttons, two at the bottom and one at the top, were turned over the sash, so that it could not be lifted out without disturbing these buttons. The second officer of the vessel testifies that immediately after the accident he found this particular frame upon the deck of the vessel, within a few feet of where the libelant had been sitting, and the operator of the wireless telegraph upon the vessel, who had been lying or sleeping some 18 or 20 feet away, alongside of the rail or gunwale, claims to have seen the occurrence, and testifies that the libelant drew up his feet to avoid the wave, and upon leaning over, in order to climb upon the hatchway, seized the protecting frame with his left hand, that it came loose and fell upon the deck, and that the libelant then made a second effort to get upon the hatchway, when his left hand broke through the unprotected glass, with the result indicated. The doctor was immediately called to dress the wound, and the subsequent treatment, as has been stated, need not be considered.

A serious contradiction has arisen from the testimony of the libelant and another passenger, to the effect that the carpenter placed some canvas over the opening, which was not repaired for some time, while the second officer and the carpenter of the vessel deny such an occurrence, and allege that the glass was replaced in the ordinary course of affairs, and no canvas used. The burden being upon the libelant, and there being no apparent reason why the carpenter should misstate occurrences after the accident (which idea applies as well to the testimony of the second officer), it must be assumed that the libelant and his fellow passenger were mistaken in their recollection that the glass was repaired with canvas. But this, as has been said, while serious as a contradiction, is immaterial to the question of liability.

It would seem that if the libelant, in order to avoid the discomfort of a wetting, attempted to climb upon the skylight, and thereby pulled the protecting frame from the glass, and then leaned upon the glass, no liability should rest upon the vessel. Certainly no negligence can be imputed for an occurrence happening in this manner and under such circumstances. The testimony of the ship's officers, and of every one connected with the matter, is that the rods in the protecting frame were not of sufficient strength to hold a person leaning his full weight upon one hand, or planting a foot upon the frame. But the libelant charges that the accident happened when the frame was not in place, and therefore the question as to whether the frame was sufficiently heavy to protect a person from falling need not be considered. The skylight was not intended as a place upon which to sit, nor to climb, and the frame was designed to protect the glass from objects of any sort which might fall thereon. It cannot be considered negligence to have not anticipated that this frame could be pulled from its place by a man of ordinary size, when tossed around by the motion of the ship, or slipping back under the effect of an extraordinary wave. Such an occurrence is an accident pure and simple.

As to the libelant's contention that the frame was not upon the glass, it need only be said that the burden of proof has not been sustained, and in fact the testimony of the various witnesses above recited would indicate that the frame was dislodged before Mr. Chase could realize the condition of the surface upon which he was resting.

The claimant argues that the libelant was guilty of contributory negligence in climbing upon a glass near which he had been sitting for some time, and where he might have seen that the glass was unprotected, as he charges this to have been; but no contributory negligence can be imputed to a person acting under such circumstances that no time is given within which to form a proper judgment as to the risk. Further, the court is unwilling to decide, when unnecessary, that a vessel need not in any way protect a skylight upon the frequented portions of the main deck of a vessel, at a level below the waist of the ordinary person, and where any fall might precipitate a person through the skylight.

But upon the entire testimony there is no need of considering that situation, and the libel must be dismissed.